**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| Jennifer Shamaly, | : | Case No. 1:09 CV 0680 |
| Petitioner, | : | |
| v. | : | **MAGISTRATE'S REPORT AND RECOMMENDATION** |
| Ginine Trim, Acting Warden[1], | : | |
| Respondent. | : | |

Filed pursuant to 28 U.S.C. § 2254[2], this case was referred to the undersigned Magistrate pursuant to Local Rule 72.2[3]. Pending is Petitioner's Petition for Writ of Habeas Corpus (Docket No. 1), to which Respondent filed a Return of Writ (Docket No. 6) and Petitioner filed a Traverse (Docket No. 16). For the reasons that follow, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

---

[1] Ginine Trim was appointed Warden at the Ohio Reformatory for Women where Petitioner is incarcerated in June 2009. Ms. Trim is therefore substituted as a successor of Sheri Duffey under FED. R. CIV. P. 25(d). Www.drc.ohio.gov.

[2] The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254 (Thomson/West 2007).

[3] The Clerk shall refer all *pro se* petitions for habeas corpus filed under 28 U.S.C. § 2254, provided such petition has first been reviewed by the Court pursuant to 28 U.S.C. § 1915(d) and Rule 4 of the Rules Governing § 2254 Cases and a decision has been made to require a response to the petition, to a Magistrate Judge for a Report and Recommendation as provided in Local Rule 72.1, *Duties of United States Magistrate Judges.*

## I.  FACTUAL BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-143, 110 Stat. 1214 (April 24, 1996), the factual findings made by a state court in the direct appeal are presumed to be correct in a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment in state court.  *Keith v. Mitchell*, 455 F. 3d 662, 666 (6th Cir. 2006) (*citing* 28 U. S. C. § 2254 (e) (1) (2006)).  In the case of *State of Ohio v. Jennifer Shamaly*, 2007 WL 1934369, * 1 (2007), the court found that Petitioner pled guilty to involuntary manslaughter and aggravated robbery. Consequently, there were no factual findings made by the state court in the direct appeal.

## II.  PROCEDURAL BACKGROUND

*1.    The Indictment*.

During the May 2005 term, the Cuyahoga County, Ohio, Grand Jury rendered the following five-count indictment against Petitioner and three co-defendants, Fahed Kutkut[4], Rane Ayesh and Houssam Albourque also known as Michael Albakour also known as Houssam Albourque:

Count One:   Aggravated murder, in violation of OHIO REV. CODE § 2903.01(A), with a felony murder specification and a firearm specification as defined in OHIO REV. CODE § 2941.145.

Count Two:   Aggravated murder, in violation of OHIO REV. CODE § 2903.01(A), with a felony murder specification and a firearm specification as defined in OHIO REV. CODE § 2941.145.

Count Three: Aggravated robbery, a violation of OHIO REV. CODE § 2911.01(A)(1) with a firearm specification as defined in OHIO REV. CODE § 2941.145.

Count Four:  Aggravated murder, in violation of OHIO REV. CODE § 2903.01(A), with a felony murder specification and a firearm specification as defined in OHIO REV. CODE § 2941.145.

---

[4] At the time that Petitioner was sentenced, there was an outstanding writ of capias to take Fahed Kutkut, the alleged shooter, into custody.

Count Five:   Having a weapon while under disability, a violation of OHIO REV. CODE § 2923.13, the said Fahed Kutkut, with counsel, having been convicted of felony of violence in violation of OHIO REV. CODE § 2923.02/2911.02 and 2903.12.

(Docket No. 6, Exhibit 1).

## 2.   *The Plea, Sentencing and Reconsideration*.

On January 17, 2006, Judge Mary J. Boyle admonished Petitioner of her rights, advised her of the potential penalties and accepted Petitioner's plea of guilt to involuntary manslaughter with a firearm specification as amended in Count One of the indictment, and aggravated robbery with a firearm specification as amended in Court Four of the indictment (Docket No. 6, Exhibit 2, pp. 83 of 175 to 107 of 175).

On March 9, 2006, Judge Boyle sentenced Petitioner, Rane Ayesh and Houssam Albourque. Petitioner was ordered to serve a total of fifteen years at the Ohio Reformatory. This sentence consists of one year on the firearm specification, to be served prior to and consecutively with seven years each on the base charges emanating from Counts One and Four. Petitioner was ordered to spend every February 12th in solitary confinement to reflect upon the victim's death. Petitioner was further ordered to pay an unspecified fine and court costs and given five years post-release control supervision.

On March 22, 2006, Petitioner filed a motion for reconsideration[5] (Docket No. 6, Exhibit 4). On June 2, 2006, Judge Boyle denied the motion for reconsideration (Docket No. 6, Exhibit 5).

On June 6, 2006, the judge entered an order *nunc pro tunc*, ordering that Petitioner was not responsible for nor should she pay a fine (Docket No. 6, Exhibit 6).

---

[5] Petitioner argued that (1) it was unlawful to use the co-defendants' statements at sentencing; (2) the trial court violated principles established in *State v. Foster*, 109 Ohio St. 3d 1 (2006) by determining facts used at sentencing, (3) the court failed to consider her assistance to the prosecution of co-defendants, and (4) the trial court failed to consider Petitioner's limited role in the criminal activity.

*3.*     *The Direct Appeal.*

Petitioner perfected a direct appeal on July 6, 2006[6] (Docket No. 6, Exhibit 7).  The Court of Appeals for the Eighth Appellate District, County of Cuyahoga, vacated, in part, the sentence as to the imposition of the solitary confinement (Docket No. 6, Exhibit 12).  On remand, Judge Steven J. Terry vacated that portion of the sentence that ordered Petitioner to spend one day of solitary confinement per year (Docket No. 6, Exhibit 13).

*4.*     *Appeal to the Supreme Court of Ohio.*

Petitioner filed a notice of appeal and memorandum in support of jurisdiction in the Ohio Supreme Court on August 30, 2007[7] (Docket No. 6, Exhibits 14 & 15).  On December 26, 2007, Chief Justice Thomas J. Moyer denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question (Docket No. 6, Exhibit 17).

## III.  JURISDICTION

Under 28 U.S.C. § 2254, a federal court can grant a writ of habeas corpus to state prisoners if they are held in custody *pursuant to the judgment* of a State court only on the ground that he or she is in custody in violation of the Constitution or laws or treaties of the United States.  *Eddleman v. McKee,* 586 F.3d 409, 412 (6th Cir. 2009) (*citing* 28 U.S.C. § 2254(a) (emphasis added)).  Petitioner was sentenced pursuant to the judgment of the Cuyahoga Court of Common Pleas.  She is incarcerated at the Ohio Reformatory for

---

[6] The three assignments of error are the trial court erred when it failed to (1) determine whether the sentence was influenced by the untruthful statements of a co-defendant; (2) impose a sentence of four years on each offense with each sentence running concurrently with one another and (3) sentence Petitioner to one day per year of solitary confinement.

[7] Petitioner argued that when the sentence on a particular count of conviction included an illegal component, the entire sentence must be vacated; that the trial court must reconsider the sentence previously imposed and set forth its rationale when presented with newly discovered evidence that the sentence imposed but not yet journalized was based, in part, on materially false information and that a felon whose punishment is prescribed in OHIO REV. CODE § 2929.14 and whose conduct predated the release of *State v. Foster*, *supra*, may only be sentenced to minimum and concurrent terms of imprisonment.

Women. Petitioner articulated claims that allege a deprivation of rights guaranteed under Ex Post Facto and Due Process Clauses of the United States Constitution. Since Petitioner has satisfied the requirements of Section 2254(a), this Court is authorized to review her habeas claims.

## IV. HABEAS CORPUS STANDARD

In determining whether to issue a habeas writ, the standards set forth in the AEDPA govern the district court's review of a state court decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Id.* (*citing* 28 U.S.C. § 2254(d)).

A state court decision on the merits is contrary to clearly established Supreme Court precedent only if a rule that contradicts the governing law is set forth in Supreme Court cases or if it confronts a set of facts that are materially distinguishable from a decision of the Court and nevertheless arrives at a different result. *Id.* (*citing Mitchell v. Esparaza*, 124 S. Ct. 7, 10 (2003) (per curiam) (*quoting Williams v. Taylor*, 120 S. Ct. 1485, 1519-1520 (2000); *see also Bell v. Cone*, 122 S. Ct. 1843, 1850 (2002)).

"[W]here the state court decides a claim on the merits but does not articulate the reasons for its decision, [a federal habeas court is] 'obligated to conduct an independent review of the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented.'" *Id.* (*quoting Daniels v. Lafler,* 192 Fed. Appx. 408, 419 (6th Cir. 2006) (*quoting Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000) *cert. denied*, 121 S. Ct. 1415 (2001)). "This 'independent review'

is 'not a full, *de novo* review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA.'" *Id.* (*citing Harris*, 212 F.3d at 943).

## V. ANALYSIS

### *1. Petitioner's Position*

Petitioner argues in ground one that she was denied due process by virtue of the trial court's reliance on materially false information and failure to consider the surreptitiously recorded conversations between Petitioner's domestic partner and Rane Ayesh that were proffered after the trial to show that Ayesh's statements were false. Instead, Petitioner asserts that the trial court relied upon materially false information provided by co-defendants Albourque and Ayesh, avoiding evidence that Petitioner was responsible for procuring indictments against her co-defendant and providing the weapon and bullets used to murder the victim.

Petitioner's second argument is that the Supreme Court of Ohio changed the statutory rules after she committed the offenses alleged in the indictment. The change resulted in an impermissible punishment that exceeded the minimum and concurrent time that would have been imposed.

In the Traverse, Petitioner re-emphasized the arguments presented in the Petition, adding that the Respondent's reliance on *Oregon v. Ice*, 129 S. Ct. 711 (2009) is misplaced and the court is encouraged to reject cases decided in the Northern District of Ohio for their misplaced reliance on *Rogers v. Tennessee*, 121 S. Ct. 1693, 1697 (2001).

### *2. Respondent's Position*

Respondent agrees that Petitioner's claims are not barred by the AEDPA statute of limitations and that Petitioner's grounds for relief were timely appealed and presented to the Eighth Appellate District and Ohio Supreme Courts. Respondent argues first that the trial court properly based its conviction on reliable

information that Petitioner arranged the meet at which the robbery was to take place and she provided the weapon used to kill the victim. Petitioner knew that Rane Ayesh implicated her in the planning and execution of the murder in the statement presented to the sentencing court. Petitioner cannot demonstrate that the facts in dispute were false or that she lacked knowledge of their existence. Respondent also contends that the decision in *State v. Foster, supra*, allows the trial court to impose a consecutive, more than a minimum sentence without mandatory, statutory findings. The *Foster* decision which permits the sentencing court to excise the mandatory, statutory factors do not violate Petitioner's due process rights or the right to be free from greater punishment than the law provided when she committed the crimes. If Petitioner is raising an ex post facto argument, there is precedent established by this Court that an ex post facto argument lacks merit. Finally, Respondent reminds the court that imposing a "more than minimum" sentence without mandatory findings is not violative of a petitioner's due process rights.

### *3. The Due Process Challenge.*

Petitioner alleges that she was denied due process by virtue of the trial court's failure to consider that the evidence on which it relied was materially false or that she was instrumental in securing the indictments and convictions of her co-defendants.

####    A.    *Due Process Standard.*

In *Stewart v. Erwin, supra*, 503 F. 3d at 491, the United States Court of Appeals for the Sixth Circuit found that there is no clearly established federal constitutional right to full disclosure of all information used by a trial judge in determining a defendant's sentence. There *is* a clearly established federal due process protection against a trial court's reliance on materially false information at sentencing. *Id.* The due process clause is violated when a defendant is sentenced on the basis of materially false information. *Id.* (*citing Townsend v. Burke*, 68 S. Ct. 1252, 1255 (1948).

####    B.    *Due Process Application*.

Upon review of the transcripts and pleadings, the Magistrate is persuaded that the presentation of the taped recording of co-defendant Ayesh claiming that Petitioner did not provide the gun was not substantial evidence upon which the trial judge could rely as a material fact. However, assuming that the tape is material, the content of the tape does not make the evidence on which the trial judge relied false. Relying on commonalities in the written statements provided by Petitioner and her co-defendants, the trial judge found that Petitioner was key in planning the robbery, luring the victim to the site of the drug deal, providing the gun to the shooter and advising her companions that there were no bullets in the gun (Docket No. 6, Exhibit 2, p. 167 of 175, 168 of 175). She was sitting next to the victim when he was shot (Docket No. 6, Exhibit 2, p. 169 of 175). The operative facts in sentencing, however, were the existence of at least two prior felony convictions for cocaine and the failure to comply with the community control sanctions and the failure to seek treatment (Docket No. 6, Exhibit 2, pp. 168 of 175, 169 of 175).

The presentation of an unauthenticated taped recording made by Petitioner's partner and Ayesh without his knowledge and/or consent, does not establish that the evidence on which the trial judge did rely, was materially false. The Magistrate is persuaded that Petitioner failed to establish a violation of a clearly established federal due process protection.

### *4. The Ex Post Facto/Due Process Challenge.*

The Magistrate construes Petitioner's second argument as an allegation that the Due Process and Ex Post Facto Clauses of the United States Constitution have been violated. When the *Foster* court declared OHIO REV. CODE § 2929.14 unconstitutional, the change resulted in a sentence that exceeded the minimum and concurrent time that would have been imposed if she had been sentenced prior to *Foster*. Petitioner suggests that the retrospective application of *Foster* worked to her disadvantage.

### *A.     The Ex Post Facto/Due Process Standards.*

The ex post facto clause prohibits **a state from passing a law** that (1) criminalizes an action done before the law was passed, which was innocent when done, (2) aggravates the crime or makes it greater than it was, when committed (3) changes the punishment so that it inflicts greater punishment than the law provided when the crime was committed, or (4) alters the legal rules of evidence to the extent that less or different testimony is required than at the time the offense was committed. *Hooks v. Sheets,* 2010 WL 1655578, *3 (6th Cir. 2010) (*citing Rogers v. Tennessee, supra*, 121 S. Ct. at 1697) (*quoting Calder v. Bull,* 1798 WL 587, *3 (1798)).

The ex post facto clause, however, provides by its terms that it is applicable only to acts of the legislature, and " 'does not of its own force apply to the Judicial Branch of government.' " *Id.* (*citing Rogers,* 121 S. Ct. at 1697) (*quoting Marks v. United States,* 97 S. Ct. 998, 992 (1977)). Nevertheless, the "limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Id.* (*citing*

9

*Rogers,* 121 S. Ct. at 1697). Consequently, the principles of the ex post facto clause apply to the courts through the due process clause. *Id.* (*see Rogers*, 121 S. Ct. at 1697). Because these principles are viewed through the lens of due process in the judicial context, the constitutionality of judicial action turns on the traditional due process principles of "notice, foreseeability, and, in particular, the right to fair warning," rather than the specific prescriptions of the ex post facto clause. *Id.* (*citing Rogers*, 121 S. Ct. at 1698).

### *B.      The Blakely and Foster Decisions.*

In 2005, Ohio's sentencing statute, OHIO REV. CODE § 2929.14(B), required a judicial finding "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others" to justify the imposition of more than the minimum sentence. *Smith v. Brunsman,* 626 F. Supp.2d 786, 793 (S. D. Ohio 2009). On February 27, 2006, the Ohio Supreme Court determined that these statutory provisions violated principles established in *Blakely v. Washington*, 124 S. Ct. 1531 (2004), because the provisions permitted the imposition of consecutive sentences based upon judicial factfinding. *Id.* (*citing State v. Foster*, 109 Ohio St. 3d 1, 21; 845 N.E.2d 470, 491 (2006)). Now, the trial judge has full discretion to impose any prison sentence within the statutory range for any reason or for no reason, without having to make findings for imposing the minimum sentencing. *Id.* (*citing Foster,* 109 Ohio St. 3d at 25-30, 845 N. E. 2d at 494-498; *see also*, *Minor v. Wilson*, 213 Fed. Appx. 450, 453 n. 1 (6th Cir. 2007)). Also the State of Ohio does not have the burden to prove anything before the court could select any sentence within the appropriate range. *Id.* (*citing Wentling v. Moore*, 2008 WL 2778510, *8 (N. D. Ohio 2008) (emphasis in the original)).

10

### C. *Ex Post Facto/Due Process Applications*.

When Petitioner was sentenced on March 9, 2006, the principles established by the Court in *Foster* were applicable to her case. This meant that the trial judge had full discretion to impose any prison sentence within the statutory range for any reason or no reason, without having to make findings for imposing more than minimum and consecutive sentences. There are four reasons for finding that Petitioner cannot prevail on her claim that the punishment imposed by the trial judge is impermissible because it exceeded the minimum and concurrent time that would have been imposed pre-*Foster*.

First, Petitioner was given fair warning of the potential penalties. Prior to accepting the plea, the sentencing court admonished Petitioner that a one year sentence accompanied the firearm specification charge and that she could be sentenced to "anywhere from three to ten years" on the counts of involuntary manslaughter and that her maximum exposure could be 21 years (Docket No. 6, Exhibit 2, pp. 102 of 175, 109 of 175). It was also explained that the sentence associated with the firearm specification must be served first and consecutively to the sentence for the underlying offense of involuntary manslaughter (Docket No. 6, Exhibit 2, pp. 102 of 175).

Second, the sentencing code provisions were not altered by *Foster*. Petitioner was subjected to the same penalty when she committed the offenses as she was at sentencing.

Third, the findings in *Foster* did not criminalize any innocent activity or change the elements necessary to convict Petitioner of involuntary manslaughter with a gun specification.

Fourth, the findings in *Foster* did not serve to aggravate Petitioner's crimes after they were committed, enhance the punishment or alter the legal rules of evidence.

D.     *The Result*.

The application of *Foster* under the circumstances of this case changed nothing. Petitioner was already subject to consecutive sentences within the discretion of the court. The implementation of this sentence does not raise legally cognizable ex post facto or due process issues. Petitioner's ex post facto/due process arguments lack merit.

## VI.  CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus and terminate the referral to the Magistrate.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:   July 1, 2010

## VII.  NOTICE

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, as amended on December 1, 2009, any party may object to the report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.